Robert GRANT, Appellant,

v.

SUTORBILT CORPORATION et al., Appellees.

No. 21552.

United States Court of Appeals
Fifth Circuit.
April 6, 1965.

George CLOWER, Trustee in Bankruptcy of the Estate of Sinton Plumbing & Supply Company, Inc., Appellant,

v.

FIRST STATE BANK OF SAN DIEGO, TEXAS, Appellee.

No. 21604.

United States Court of Appeals
Fifth Circuit.

April 15, 1965.

Donald V. Organ, Jerome P. Halford, New Orleans, La., for appellant.

Ernest A. Carrere, Jr., New Orleans, La., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., of counsel, for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM.

Robert Grant, the plaintiff-appellant, sustained an injury while employed by Crescent Insulators, Inc. A direct action was then instituted against Travelers Insurance Company, the liability insurer of Crescent. Appellant's theory of recovery was that he was injured by the negligence of one Charles Davis who allegedly was an "executive officer" of Crescent within the terms of the insurance policy in question. Davis served somewhat as the general manager of Crescent but was not an elected officer and had no authority to sign checks. The appellees, contending that appellant's sole remedy was under the Louisiana workmen's compensation statute, moved for summary judgment on the ground that Davis was not an "executive officer" within the terms of the policy. The trial court granted the motion and appellant brings this appeal.

The appellant contends that the question of whether or not Davis was an "executive officer" is factual in nature and should have been submitted to a jury for determination. This same contention was thoroughly discussed and rejected in Bruce v. Travelers Ins. Co., 266 F.2d 781 (5th Cir. 1959).

We are convinced that the ruling complained of was correct and we affirm.